IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| NICOLE BEHRENS, | ] |
| Plaintiff, | ] |
| vs. | ] |
| PRIORITY WRECKER SERVICE, INC., | ] JURY DEMAND |
| Defendant. | ] |

## COMPLAINT

Comes now the Plaintiff, Nicole Behrens, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION & VENUE

1. This action involves the application of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Pregnant Worker's Fairness Act, 42 U.S.C. § 2000gg, *et seq.*, and the Tennessee Pregnant Workers Fairness Act, T.C.A. § 50-10-101, *et seq.*

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims they are part of the same case or controversy.

3. The claims asserted in this action arose in Davidson County, Nashville, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITE

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 2000e, *et seq*. A Notice of Right to Sue was issued on March 7, 2024, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

5. Plaintiff, Nicole Behrens, is an adult female individual and citizen of the United States who resides in Murfreesboro, Tennessee.

6. At all relevant times, Nicole Behrens (hereinafter referred to as "Plaintiff" or "Ms. Behrens") was an employee of Priority Wrecker Service, Inc. (hereinafter referred to as "Defendant" or "Priority Wrecker"), within the meaning of Title VII.

7. Defendant Priority Wrecker Service, Inc. is a foreign corporation or similar business entity and regularly conducts business in Nashville, Tennessee.

8. At all relevant times, Defendants engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to Title VII.

9. Defendant Priority Wrecker Service, Inc. is an employer within the meaning of Title VII.

## FACTUAL ALLEGATIONS

10. Ms. Behrens began her employment with Defendant on April 24, 2023, as a Dispatcher.

11. Ms. Behrens essential job duties included coordinating with customers, providing logistics for drivers to follow along their routes, and coordinating service times.

12. Ms. Behrens did not receive any formal discipline during her employment.

13. At the time she was hired, Ms. Behrens informed Defendant she was pregnant.

2

Case 3:24-cv-00354   Document 1   Filed 03/28/24   Page 2 of 7 PageID #: 2

14. On May 10, 2023, Ms. Behrens doctor informed her that her pregnancy was considered "high-risk."

15. That same day, Ms. Behrens informed Defendant of her diagnosis.

16. As a result of her condition, Ms. Behrens needed to schedule a cesarean birth ("c-section").

17. Ms. Behrens scheduled her c-section for August 14, 2023.

18. Defendant did not provide Ms. Behrens any leave paperwork.

19. However, Defendant verbally acknowledged Ms. Behrens would remain on maternity leave beginning August 14, 2023 until sometime in October 2023.

20. On July 10, 2023, Ms. Behrens unexpectedly went into labor and gave birth to her daughter.

21. Ms. Behrens daughter was considered premature at birth and placed in the NICU for an indefinite amount of time.

22. While in the hospital, Ms. Behrens continuously updated Defendant about her condition.

23. On July 14th, Ms. Behrens informed Defendant her doctor medically cleared her to return to work the following Monday, July 17th.

24. Due to Ms. Behrens daughter remaining in the NICU, Ms. Behrens told Defendant she was ready and able to return to her position instead of taking maternity leave as previously planned.

25. Defendant did not respond to Ms. Behrens until July 18th.

26. Defendant informed Ms. Behrens that her position had been filled.

27. Defendant told Ms. Behrens she needed to return her keys promptly.

28. Defendant effectively terminated Ms. Behrens employment.

29. Ms. Behrens was discriminated against and retaliated against because of her pregnancy.

## COUNT I—SEX DISCRIMINATION

## (42 U.S.C. § 2000e-(2)(a)(1))

30. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

31. Plaintiff is a female and a member of a protected class under Title VII of the Civil Rights Act.

32. Plaintiff was qualified for her position.

33. Plaintiff was subjected to disparate treatment because of her sex in violation of Title VII of the Civil Rights Act.

34. Defendant Priority Wrecker Service, Inc. is vicariously liable for the actions of its management and supervisors.

35. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

36. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

## COUNT II—RETALIATION
## (42 U.S.C. § 2000e-3)

37. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

38. Plaintiff engaged in protected activity under Title VII by reporting her pregnancy.

39. Defendant took adverse employment actions against the Plaintiff evidenced by her termination.

40. Pursuant to 42 U.S.C. § 2000e-3, Plaintiff was entitled to engage in and assert protected activities and rights without retaliation.

41. A causal link exists between the Defendants' decision to terminate Plaintiff and Plaintiff engaging in protected activity.

42. Defendants did not terminate Plaintiff for a legitimate, non-retaliatory reason and any reason given by Defendants would be pretextual in nature.

43. As the direct and proximate result of Defendants' knowing and willful violation of the Title VII, Plaintiff has suffered grave and substantial damages, wherefore Defendants stands liable to Plaintiff for reinstatement (or front pay), the payment of wages lost, out-of-pocket expenses, compensatory damages, punitive damages, reasonable attorney's fees and prejudgment interest.

## COUNT III—THE PREGNANT WORKER'S FAIRNESS ACT
### (42 U.S.C. § 2000gg, et seq.)

44. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

45. Plaintiff required a reasonable accommodation as a result of her pregnancy.

46. Defendant terminated Plaintiff after she utilized a reasonable accommodation arising from and relating to her pregnancy.

47. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

48. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

## COUNT IV—THE TENNESSEE PREGNANT WORKER'S FAIRNESS ACT
### (T.C.A. § 50-10-101, et. seq.)

49. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

50. Plaintiff required a reasonable accommodation as a result of her pregnancy.

51. Defendant terminated Plaintiff after she utilized a reasonable accommodation arising from and relating to her pregnancy.

52. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

53. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendants' discrimination against Plaintiff;

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(3) compensatory damages pursuant to the Pregnant Women's Fairness Act;

(4) attorney's fees, interest and costs;

(5) prejudgment and post judgement interest; and

(6) any such other legal or equitable relief as may be appropriate or to which she may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP,**

/s/ *Emily Costanzo*
**BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
**EMILY COSTANZO, BPR No. 041447**
1720 West End Ave., Ste 402

6

Case 3:24-cv-00354   Document 1   Filed 03/28/24   Page 6 of 7 PageID #: 6

Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*